**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN SANTIAGO,<br><br>       Plaintiff,<br><br>   v.<br><br>FCA US, LLC,<br><br>       Defendant. | Case No. 1:21-cv-01402-JLT-BAK (SKO)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO FILE STIPULATION TO DISMISS<br><br>[14-DAY DEADLINE] |

On December 10, 2021, after the parties filed a notice of settlement, the Court ordered that the stipulation to dismiss the action be filed by no later than March 7, 2022. (Doc. 6). When no dispositional documents were filed by the deadline, the Court ordered the parties to show cause in writing why sanctions should not be imposed for their failure to comply with the December 10, 2021 order. (Doc. 10). Defendant filed a response, explaining that the parties failed to file a joint stipulation of dismissal due to an outstanding issue of Plaintiff's attorneys' fees and costs. (Doc. 11). Accordingly, the Court discharged the order to show cause and ordered the parties to file the stipulation to dismiss the action by no later than June 15, 2022. To date, no dispositional documents have been filed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

1

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions, including dismissal of an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Accordingly, **within 14 days** of the date of this order, the parties **SHALL** show cause in writing why sanctions should not be imposed for their failure to comply with the Court's orders. Alternatively, the parties may file the stipulation to dismiss the action within that timeframe.

**The parties are advised that failure to comply with this order may result in the Court imposing sanctions, including the dismissal of the action.**

IT IS SO ORDERED.

Dated:   **June 29, 2022**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE